SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART   7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297/Fax. 1 (866) 772-9407
Attorney for Plaintiff
SHOZO NAKAJIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHOZO NAKAJIMA, | ) | Civil No.  1:20-cv-52 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT; SUMMONS |
| | ) | |
| STEVEN MUNAKATA; HISAO | ) | |
| NAGASHIMA; ZHONG FANG; | ) | |
| HAWAII OCEAN PLAZA LP; | ) | |
| HAWAII CITY PLAZA LP; | ) | |
| CALIFORNIA INVESTMENT | ) | |
| REGIONAL CENTER LLC; | ) | |
| CALIFORNIA REGIONAL | ) | |
| CENTER, LLC; HAWAII | ) | |
| INVESTOR REGIONAL | ) | |
| CENTER CORP.; AMERICAN | ) | |
| INVESTMENT IMMIGRATION | ) | |
| FUND; USA REALTY | ) | |
| CONSTRUCTION GROUP INC.; | ) | |
| DOE DEFENDANTS 1 - 10; | ) | |
| DOE CORPORATE ENTITIES | ) | |
| 1- 10, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Comes now Plaintiff SHOZO NAKAJIMA and hereby files this Complaint, and alleges and avers the following causes of action against STEVEN MUNAKATA; HISAO NAGASHIMA; ZHONG FANG; HAWAII OCEAN PLAZA LP; HAWAII CITY PLAZA LP; CALIFORNIA INVESTMENT REGIONAL CENTER LLC; CALIFORNIA REGIONAL CENTER, LLC; HAWAII INVESTOR REGIONAL CENTER CORP.; AMERICAN INVESTMENT IMMIGRATION FUND; USA REALTY CONSTRUCTION GROUP INC.; and DOE DEFENDANTS 1 - 10; and DOE CORPORATE ENTITIES  1- 10

## THE PARTIES

1.     Plaintiff SHOZO NAKAJIMA (hereinafter "Plaintiff") is and was at all times relevant a citizen and resident of Japan.

2.     Defendant STEVEN MUNAKATA is and was at all times relevant a citizen and resident of the United States.

3.      Defendant HISAO NAKAJIMA is and was at all times relevant a resident of the United States.

4.     Defendant HAWAII OCEAN PLAZA LP, is a domestic partnership registered to do business in the State of Hawai'i.

5.     Defendant HAWAII CITY PLAZA LP, is a domestic partnership registered to do business in the State of Hawai'i.

2

6.     Defendant CALIFORNIA INVESTMENT REGIONAL CENTER LLC, is a California limited liability company registered to do business in the State of Hawai'i.

7.     Defendant CALIFORNIA REGIONAL CENTER LLC, is a domestic limited liability company registered to do business in the State of Hawai'i.

8.     Defendant HAWAII INVESTOR REGIONAL CENTER CORP. is a domestic corporation registered to do business in the State of Hawaii.

9.     Defendant AMERICAN INVESTMENT IMMIGRATION FUND is a California corporation registered to do business in the State of Hawaii.

10.   Defendant USA REALTY CONSTRUCTION GROUP INC. is a California corporation registered to do business in the State of Hawaii.

11.   Defendant ZHONG FANG is a resident of the State of California and, upon information and belief, exercises management and control over HAWAII OCEAN PLAZA LP, HAWAII CITY PLAZA LP, CALIFORNIA INVESTMENT REGIONAL CENTER LLC, CALIFORNIA REGIONAL CENTER LLC, HAWAII INVESTOR REGIONAL CENTER CORP., AMERICAN

3

INVESTMENT IMMIGRATION FUND, and USA REALTY CONSTRUCTION GROUP INC. (hereinafter, collectively, "the Corporate Defendants").

12. DOE DEFENDANTS 1 – 10 and DOE CORPORATE ENTITIES 1- 10 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants") are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and

responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

13.   This Honorable Court has federal subject matter jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1331, certain claims in the present lawsuit arise out of the Securities Act of 1933 (codified at 15 U.S.C. Section 77q(a), et. seq.) and/or the Securities and Exchange Act of 1934 (codified at 15 U.S.C. Section 78j, et. seq.).

14.   This Honorable Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1331.

15.   The U.S. District of Hawai'i is the appropriate venue for this action inasmuch as the causes of action alleged herein accrued in the State of Hawai'i and the contract documents were executed in the State of Hawai'i.

## INTRODUCTION

16.   This matter arises out of Defendants' misuse and abuse of the federal EB-5 program, whereby Defendants directly and/or indirectly made material misrepresentations in order to

deprive approximately $1,000,000 from Plaintiff, with the promise of guaranteed immigration to the United States.

17. Plaintiff is a citizen of Japan who wished to obtain permanent residency in the United States with his wife and daughter.

18. In February of 2018, Defendant Munakata, as an employee and/or agent of American Investment Immigration Fund, California Investment Regional Center, Hawaii Investor Regional Center Corp, and USA Realty Construction Group Inc. presented Plaintiff with the opportunity to obtain a green card via the federal EB-5 program.

19. The EB-5 Immigrant Investor Program (the "EB-5 Program"), administered by the U.S. Citizenship and Immigration Service (USCIS), offers foreign investors an opportunity to secure permanent residency in the United Stats by making a capital investment in a commercial enterprise designed to create and/or maintain at least 10 jobs for U.S. workers.

20. The minimum investment required under the EB-5 Program, at the time of Plaintiff's investment in this case, was $1miliion per investor, or $500,000 for an enterprise that creates jobs in a Targeted Employment Area (TEA), defined as a rural

area, or as an area that has an unemployment rate that is at least 150% of the national average.

21.   The Securities Act and the Securities Exchange Act define the terms "security" and "securities" very broadly to include, not only traditional stocks and bonds, but any "investment contract."

22.   The term "investment contract" has been interpreted to mean "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party."

23.   Under this broad definition, most EB-5 investments, unless the investors are actively involved in the management of the enterprise, constitute a form of security under the Securities Act and the Securities and Exchange Act.

24.   While investment funds offered in EB-5 projects, such as the one at issue in this case, are typically not publicly traded and are mostly exempt from SEC registration requirements, they remain subject to the anti-fraud provisions in Section 17(a) and Section 10(b) of the Securities Act, as well as Rule 10b-5 of the Code of Federal Regulations; the registration exemption available under Section 4 of the Securities Act (15 U.S.C. § 77d) and SEC

Regulation D (17 C.F.R. § 230.501 et. seq.), do not shield exempt securities from claims under Section 17(a), Section 10(b), and Rule 10b-5.

25.    Section 10(b) of the Securities Exchange Act and Rule 10b-5 permit purchasers of securities to maintain private causes of action in federal courts.

26.    Rule 10b-5(b) states that it is unlawful to "make" any untrue statements of a material fact or any misleading omission of a material fact while Rule 10b-5(a) and (c) make it unlawful to "employ" or "engage" in a fraudulent scheme or practice.

27.    Section 20(a) of the Securities and Exchange Act (15 U.S.C. § 78t(a)), makes a person who controls a primary violator of Section 10(b) jointly and severally liable for the violation, "unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action."

### DEFENDANTS' MATERIAL MISREPRSENTATIONS

28.    On or about February 21, 2018, Plaintiff was visiting Central Pacific Bank located inside the Waikiki Shopping Plaza at 2250 Kalakaua Ave., Honolulu. Hawaii.

29.    After visiting the bank, Plaintiff noticed various advertisement inside the building for an EB5 visa program.

30.    There was an office inside the Waikiki Business Plaza manned by Defendant Munakata, whose business card described him as an "Immigration Consultant" associated with American Investment Immigration Fund, California Investment Regional Center, Hawaii Investor Regional Center Corp, and USA Realty Construction Group Inc.

31.    Defendant Munakata represented to Plaintiff, in native Japanese, that by investing One Million U.S. Dollars ($1,000,000) in the Hawaii Ocean Plaza project, Plaintiff would be guaranteed an EB5 visa for himself, his wife, and his daughter.

32.    Defendant Munakata represented to Plaintiff that the previous EB-5 investment opportunity was for Five Hundred Thousand U.S. Dollars ($500,000) and that twenty-five Chinese investors had been successfully issued EB-5 visas by the United States Government.

33.    Defendant Munakata also provided Plaintiff with a brochure in Japanese with colored photographs entitled "Hawaiian Ocean Plaza: an EB-5 Program that will make your

dreams of becoming a U.S. resident a reality." (hereinafter "the Brochure").

34. The Brochure described the investment amount as $1,000,000 and related expenses (e.g., documentation fee, legal fees, translation fees, and application fees) as $68,800.

35. The Brochure identified the "Project" as "Hawaiian Ocean Plaza", the "Project Company" as "Hawaiian Ocean Plaza LP" and the "Developer" as "California Investment Regional Center LLC" and the address for the Project as "1362, 1370 & 1374 Kapiolani Boulevard Honolulu, Hawaii 96814."

36. The Brochure also described how an investor would initially file a I-526 visa application, which would lead to the issuance of a DS-260 visa and that the investor would ultimately receive permanent U.S. residency status (i.e., "Green Card".)

37. Defendant Munakata represented to Plaintiff that Plaintiff needed to invest $1,000,000 within the next month because there was currently a bill in Congress, which would increase the required investment amount to $1,300,000.

38. Defendant Munakata represented to Plaintiff that within the next month, Plaintiff would need to submit his resume

and personal financial information, as well as financial information for Plaintiff's company in Japan.

39.    Defendant Munakata represented and guaranteed to Plaintiff that the application period would be a year-and-a-half and that by the fall of 2019, Plaintiff, his wife, and his daughter would all be issued a Green Card by the United Stated Government.

40.    Defendant Munakata represented to Plaintiff that by investing a $1,000,000, Plaintiff would receive either a 5% return on his investment after 5 years or receive an ownership interest in one of the condominium units in the Ocean Club Plaza shown in the Brochure.

41.    Defendant Munakata repeatedly represented to Plaintiff that the Developer of the Project was permitted by the United States Government to conduct these EB-5 investment programs and that all Plaintiff needed to do, after investing the $1,000,000 and paying the $68,800 expenses, was to wait for the United States Government to issue him and his family a Green Card.

42.    Defendant Munakata insisted that Plaintiff pay the $68,800 the same day.

43.   In reliance of Defendant Munakata's representations, Plaintiff returned to Central Pacific Bank, obtained a check for $68,800 payable to "California Investment Reg" and handed it to Defendant Munakata.

44.   On the same day, Defendant Munakata provided the following documents to Plaintiff and instructed him to sign them, which Plaintiff signed.

(a)   Loan Agreement of EB-5 Investment Immigration ("Loan Agreement").

(b)   Immigration Agreement EB-5 Investor ("Immigration Agreement").

(c)   The Supervision and Management for the EB-5 Investment Fund ("Supervision Agreement")

(d)   Hawaii Ocean Plaza LP Shareholders' Equity Conversion Option Agreement ("Option Agreement").

(e)   Agreement to Equity Swap for Property ("Equity Swap Agreement").

45.   The Loan Agreement states, in relevant part, as follows:

> 1-3,  According to the U.S. EB-5 Immigrant Investment Law, EB-5 investors must invest the investment fund into a new commercial enterprise.  Party B [i.e., Shozo Nakajima] will receive 1,000,000 shares of Party A [i.e.,

Hawaii Ocean Plaza, LP] using the investment fund of USD $1,000,000, and will own 0.4% equity of the Hawaii Ocean Plaza LP.

1-4, The loan amount is USD $1,000,000. The loan can be only used for investing in the development of the HAWAII OCEAN PLAZA.

46.   The Immigration Agreement states, in relevant part, as

follows:

The agreement is in accordance with the U.S. EB-5 Immigration Laws and U.S. securities laws.
. . . .

9-4, Party B's Equity Interest: The Party B [i.e., Shozo Nakajima] owns 1,000,000 shares of the Project Company which represents 0.4% total equity of the Project Company, therefore, Party B is entitled to have 0.4% property right of the project

47.   The Supervision Agreement states, in relevant part as

follows:

4-4, Once the EB-5 investment fund has been deposited into the Project Company's bank account, Party A [i.e., California Investment Regional Center LLC and American Investment Immigration Fund] must provide supporting documents to prove the investment fund is applied to the I-526 immigration application.

. . . .

5-1, EB-5 Investor's USD $1,000,000 investment fund shall only be used for the California Investment Regional Center EB-5 Immigrant Investor Program, and for no other purpose.

. . . .

13

48.   Upon returning to Japan in March 2018, Plaintiff was contacted by Defendant Hisao Nagashima, an associate of Defendant Munakata and an agent and/or employee of one ore more of the Corporate Defendants, who provided Plaintiff with a list of documents to submit in order to prepare Plaintiff's immigration application.

49.   After approximately a month, Plaintiff provided the documents requested by Defendant Nagashima, who then represented to Plaintiff that Plaintiff need not be concerned about whether or not he and his family would receive a Green Card now that all the documents were in order.

50.   Defendant Nakajima represented to Plaintiff that all Plaintiff needed to do was to wait for a year-and-a-half to be issued a Green Card by the United States Government for him, his wife, and daughter.

51.   In reliance on Defendant Munakata and Defendant Nakajima's representations, on or about March 23, 2018, Plaintiff wired the sum of $1,000,200 from his bank account in Japan to a Bank of Hawaii account under the name of "Hawaii Ocean Plaza LP".

14

52.   In June 2019, Plaintiff met with Defendant Munakata in Hawai'i, wherein Defendant Munakata explained to Plaintiff that, while the immigration application was minimally stalled, the United States Government would definitely issue him and his family Green Cards by the end of the year.

53.   On or about November 7, 2019, Plaintiff received an email from Wen Sheng Gao, Esq. in Honolulu, Hawai'i, stating that his office had filed two separate civil lawsuits in the Circuit Court of the First Circuit, State of Hawai'i, on behalf of 17 investors against Defendant Zhong Fang and related persons and entities involved in the Hawaii City Plaza and Hawaii Ocean Plaza EB-5 projects for malfeasance related to management of said projects, in Civil No. 19-0002025 and Civil No. 19-0002037 (hereinafter the "Circuit Court Lawsuits"), together with a "Legal Service Agreement" for Plaintiff to sign.

54.   On or about November 8, 2019, Plaintiff contacted Defendant Munakata by text message expressing serious concerns about the Circuit Court Lawsuits mentioned in attorney Gao's email.

55.   Defendant Munakata explained to Plaintiff that he had been terminated by one or more of the Corporate Defendants and

sent Plaintiff a link to an October 31, 2019 news story from KHON2 (a local Honolulu TV station), entitled "Controversial developer of an Ala Moana project faces new legal problems."

56.  On or about November 10, 2019, Plaintiff contacted Defendant Nakajima by text message expressing serious concerns about the Circuit Court Lawsuits mentioned in attorney Gao's email.

57.  Defendant Nakajima, while assuring Plaintiff, that his Green Card application would still be processed, Defendant Nakajima explained that the process was now being delayed and that it would take approximately another two years for the application to be approved.

58.  Defendant Nakajima stated that, earlier in the year, the "President" (presumably Defendant Zhong Fang), had placed Hawaii Ocean Plaza on the market.

## HAWAII OCEAN PLAZA MISMANAGEMENT

59.  As stated herein, when investing his money in the Hawaii Ocean Plaza Project with the ultimate goal of obtaining a Green Card, Plaintiff was to be a silent or passive investor and one or more of the Corporate Defendants were to manage development and construction of the Hawaii Ocean Plaza Project.

16

60.   As the real properties identified as 1362, 1370 & 1374 Kapiolani Boulevard Honolulu, Hawaii were empty lots, the Hawaii Ocean Plaza Project required construction and build out to be funded in part by Plaintiff's investment, as well as investments by other investors.

61.   Defendants failed to communicate and keep investors, including but not limited to Plaintiff, apprised of their investment and failure to disclose documents regarding the use of the investment funds.

62.   Upon information and belief, the Hawaii Ocean Plaza Project, as well its sister project, the Hawaii City Plaza Project, were underfunded and/or depleted of funds by Defendants' mismanagement and malfeasance.

63.   Real property tax records showed that real property taxes for 1362, 1370 & 1374 Kapiolani Boulevard Honolulu, Hawaii for 2019 were past due.

64.   According to Defendant Munakata, 1362, 1370 and/or 1374 Kapiolani Boulevard Honolulu, Hawaii had been placed on the market by one or more of the Corporate Defendants.

65.   Upon information and belief, Defendants refused requests by investors in the Hawaii Ocean Plaza Project to review

the business and accounting records for said project in contravention of contract documents and applicable statues and regulations.

66. The significant delay in the development and construction of the Hawaii Ocean Plaza Project and the Hawaii City Plaza Project reported by KHON2 on October 31, 2019 directly contradicted Defendant Munakata and Defendant Nakajima's initial representations that Plaintiff and his family would receive their Green Cards within a year-and-half from the time Plaintiff wired the investment funds to Hawaii Ocean Plaza LP's bank account.

67. Defendants' active mismanagement of the Hawaii Ocean Plaza Project made it all but certain that Plaintiff would lose his investment and, moreover, not be able to complete the federal EB-5 visa program.

68. It became evident to Plaintiff that Defendants not only doomed the Hawaii Ocean Plaza Project to fail, but that they were actively contributing to its demise and dissipating the chance for Plaintiff to complete the federal EB-5 program.

69. By October 31, 2019, Defendants al but abandoned its management obligations of the Hawaii Ocean Plaza Project.

## COUNT I

## (FRAUDULENT INDUCEMENT)

70.   Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

71.   Defendant Munakata and Defendant Nakajima, as employees or agents of one ore more of the Corporate Defendants, represented to Plaintiff that he and his family would be guaranteed to receive Green Cards within a year-and-half after investing into the Hawaii Ocean Plaza Project.

72.   Defendant Munakata and Defendant Nakajima knew that Defendants could not guaranty that Plaintiff and his family would be issued Green Cards by the United Stated Government within any definite amount of time.

73.   Defendant   Munakata   and   Defendant   Nakajima knowingly made this material misrepresentation in order to induce Plaintiff to invest in the Hawaii Ocean Plaza Project.

74.   Upon information and belief, Defendant Munakata and Defendant Nakajima were directly or indirectly induced to make this misrepresentation to Plaintiff by Defendant Fang and the Corporate Defendants.

75.   Plaintiff placed trust and repose in Defendants that his investment and subsequent ability to complete the federal EB-5 program would be properly managed by Defendants, who Plaintiff believed were being honest and truthful and not making any material misrepresentations regarding the same.

76.   Plaintiff relied upon representations that permanent residency status for himself and his family would be guaranteed if he invested $1,000,000 into the Hawaii Ocean Plaza Project.

77.   Plaintiff acted with justifiable reliance based on Defendant Munakata and Defendant Nakajima's material misrepresentations.

78.   As a direct and proximate cause of said material misrepresentation, Plaintiff has suffered damages.

79.   Defendants conduct as outlined above was willful, wanton, malicious, and evinced a total disregard for Plaintiff's rights and interests.

## COUNT II

## (NEGLIGENT MISREPRESENTATION & RESTATMENT OF TORTS (SECOND) 552) (Pled in the Alternative)

80.   Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

20

81.   Defendants had a pecuniary interest in the Hawaii Ocean Plaza Project and had an interest in the continued financial viability of the Hawaii Ocean Plaza Project.

82.   Defendants supplied false and/or inaccurate information, as set forth herein, for the guidance of Plaintiff with respect to his investment with Defendants.

83.   This misinformation was, for the most part, supplied by Defendant Fang and the Corporate Defendants, through Defendant Munakata and Defendant Nakajima, to Plaintiff.

84.   Defendants failed to exercise reasonable care and competence in communicating the information regarding the likelihood and the timeframe within which Plaintiff and his family would be issued Green Cards.

85.   Defendants made the misrepresentation to induce Plaintiff to invest $1,000,000 into the Hawaiian Ocean Plaza Project in connection with his EB-5 visa application.

86.   Plaintiff acted in justifiable reliance on the misrepresentation.

87.   As a direct and proximate cause of said material misrepresentation, Plaintiff has suffered damages.

## COUNT III

## (VIOLATION OF SECTION 10(b) OF THE SECURITIES

## EXCHANGE ACT AND RULE 10b-5)

88.   Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

89.   Defendants, by use of the means and instrumentalities of interstate commerce (i.e., text messages and wire transfers), were primary participants in the following wrongful conduct: (a) employed devices, schemes, and artifices that were intended to, and did defraud Plaintiff; (b) made untrue statements or material fact and/or omitted to state material facts necessary to make the statements made not misleading; and (c) engaged in acts, practices and a course of business which operated as a fraud and deceit upon Plaintiff in violation of Section 10(b) of the Securities and Exchange Act (15 U.S.C. § 78j and 78t) and Rule 10-b5 promulgated thereunder (17 C.F.R. § 240.10b-5).

90.   Plaintiff invested $1,000,000 into the Hawaii Ocean Plaza Project for the purpose of creating Hawaii Ocean Plaza in furtherance of their federal EB-5 visa program completion.

91.   This investment was made via common enterprise which led Plaintiff to expect profits solely from the efforts of others.

92.   The investment was made as a result from the dissemination of materially false and misleading information and additional failure to disclose material facts.

93.   Plaintiff, believing Defendants' misrepresentations to be true, and belief that Defendants were not omitting material facts necessary to invest, did rely on the misstatements and other statements made by Defendants and purchased investments in the Hawaii Ocean Plaza Project.

94.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered damages in connection with his purchase of units within Hawaii Ocean Plaza Project.

## COUNT IV

### (VIOLATION OF HAW. REV. STAT. §485A-501)

95.   Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

96.   Defendants, in connection with the sale of an investment security, were primary participants in the following wrongful conduct: (a) employed devices, schemes, and artifices

23

that were intended to, and did defraud Plaintiff; (b) obtained money or property by means of untrue statements of material fact and/or omissions of material facts necessary to make the statements made, in light of the circumstances under which they were made; and, (c) engaged in transactions, practices, or courses of action of business which operate or would operate as a fraud or deceit upon Plaintiff all in violation of Haw. Rev. Stat. §. §485A-501.

97.   Plaintiff invested $1,000,000 in to the Hawaii Ocean Plaza Project in furtherance of his federal EB-5 visa program completion.

98.   This investment was made via common enterprise which led Plaintiff to expect profits solely from the efforts of others.

99.   The investment was made as a result from the dissemination of materially false and misleading information and additional failure to disclose material facts.

100. Plaintiff believed Defendants' misrepresentations to be true, and belief that Defendants were not omitting material facts necessary to invest, did rely on the misstatements and other

statements made by Defendants and purchased investments in the Hawaii Ocean Plaza Project by way of Hawaii Ocean Plaza LP.

101. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered damages in connection with his purchase of units within Hawaii Ocean Plaza Project.

## COUNT V

## (BREACH OF FIDUCIARY DUTY against Defendant Munakata and Defendant Nakajima)

102. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

103. Plaintiff placed trust and confidence in Defendant Munakata and Defendant Nakajima in order to set up the EB-5 visa program and to create a successful avenue toward a visa and permanent residency for Plaintiff and his family.

104. Defendant Munakata and Defendant Nakajima set up the Hawaii Ocean Plaza Project with reckless disregard to Plaintiff, his investment, and his wish to become a permanent resident of the United States.

105. Defendant Munakata and Defendant Nakajima made materially false statement and omissions in order to induce Plaintiff to invest $1,000,000 with them for purposes of fulfilling

25

the EB-5 visa program and thus breached their fiduciary duty to Plaintiff.

106. Plaintiff acted in justifiable reliance on the misrepresentation(s).

107. As a direct and proximate cause of Defendant Munakata and Defendant Nakajima's breaches of fiduciary duty, Plaintiff has suffered damages.

## COUNT VI

### (BREACH OF FIDUCIARY DUTY against Defendant California Regional Center and Defendant Fang)

108. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

109. During the relevant time, Defendant California Regional Center LLC was a general partner in Defendant Hawaii Ocean Plaza LP.

110. During the relevant time, Defendant Fang was the manager of Defendant California Regional Center LLC.

111. As the general partner of Hawaii Ocean Plaza LP, Defendant California Regional Center LLC owed a fiduciary duty to Plaintiff who acquired a partial interest in the limited partnership.

112. Plaintiff entrusted Defendant California Regional Center and Defendant Fang to put the success and benefit of Hawaii Ocean Plaza LP above all personal and individual advantages.

113. Defendant California Regional Center and Defendant Fang abused that trust when they mismanaged Hawaii Ocean Plaza LP.

114. Because of such abuse of trust, Defendant California Regional Center and Defendant Fang have breached their fiduciary duty to Plaintiff.

115. Such breaches are the cause of damages suffered by Plaintiff.

**COUNT VII**

**(UNJUST ENRICHMENT)**

116. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

117. Plaintiff invested $1,000,000 into the Hawaii Ocean Plaza Project with the expectation that he and his family would receive permanent residency status in the United States.

118. As Plaintiff never received the legal consideration for his bargain, permitting Defendants to retain Plaintiff's

27

$1,000,000 would unjustly enrich Defendants, bring about an inequitable/unjust result, and would not serve the purposes of justice.

119. In order to avoid unjust enrichment and to avoid an inequitable/unjust result, Defendants must be ordered to disgorge the $1,000,000 Plaintiff wired to Hawaii Ocean Plaza LP.

**COUNT VIII**

**(ALTER EGO LIBAILITY)**

120. Plaintiff repeats and realleges and by reference incorporate the allegations contained in the above paragraphs.

121. There was a disregard of legal formalities and a failure to maintain an arms' length relationship between Defendant Fang and the Corporate Defendants.

122. The Corporate Defendants were and continues to be undercapitalized.

123. Defendant Fang used the Corporate Defendants to perpetuate a fraud and/or defeat a rightful claim of Plaintiff and/or engaged in other improper conduct such that recognition of such corporate fiction would bring about injustice and inequity.

124. As a direct and proximate result of Defendant Fang's conduct, Plaintiff is entitled to monetary judgment in its favor against Defendant Fang and the Corporate Defendants, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A.    General and special damages in amounts as will be proven at trial.

B.    Prejudgment interest from the date of the incident;

C.    Punitive damages;

D.    Post-judgment interest;

E.    Attorney's fees and costs of suit; and

F.    Other further relief as this Court deems just and property.

DATED:    Honolulu, Hawaii, February 3, 2020

*/s/ Andrew Daisuke Stewart*
_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC
Attorney for Plaintiff
SHOZO NAKAJIMA