IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHOZO NAKAJIMA, | CIV. NO. 20-00052 JMS-RT |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' "MOTION FOR JUDGMENT ON THE PLEADINGS," ECF NO. 94 |
| vs. | |
| STEVEN MUNAKATA, ZHONG FANG, HAWAII OCEAN PLAZA LP, HAWAII CITY PLAZA LP, CALIFORNIA INVESTMENT REGIONAL CENTER LLC, CALIFORNIA REGIONAL CENTER LLC, HAWAII INVESTOR REGIONAL CENTER CORP., AMERICAN INVESTMENT IMMIGRATION FUND, USA REALTY CONSTRUCTION GROUP INC., HISAO NAKAJIMA, DOE DEFENDANTS 1-10, DOE CORPORATE ENTITIES 1-10, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' "MOTION FOR JUDGMENT ON THE PLEADINGS," ECF NO. 94**

## I. INTRODUCTION

Before the court is a Motion filed by the following Defendants:

Steven Munakata, Zhong Fang, Hawaii Ocean Plaza LP, Hawaii City Plaza LP,

California Investment Regional Center LLC, California Regional Center LLC,

Hawaii Investor Regional Center Corp., American Investment Immigration Fund,

and USA Realty Construction Group Inc. (collectively, the "Moving Defendants").

ECF No. 94.  The Moving Defendants contend that Plaintiff lacks standing because

the Amended Complaint fails to allege an injury in fact, i.e., an injury that is

concrete and particularized, and is either actual or imminent.  *See* ECF No. 94-1 at

PageID ## 346–48.  The Moving Defendants also contend that, even if the

Amended Complaint alleges an injury in fact as a general matter, Plaintiff Shozo

Nakajima still lacks standing for his claims against five of the Moving Defendants

because the Amended Complaint does not allege injuries that are fairly traceable to

those five Defendants.  *See id.* at PageID ## 349–51.

As a preliminary matter, the court treats the Moving Defendants'

"Motion for Judgment on the Pleadings" under Federal Rule of Civil Procedure

12(c), ECF No. 94, as a Motion to Dismiss for Lack of Subject Matter Jurisdiction

under Federal Rule of Civil Procedure 12(b)(1) because the Motion is grounded in

standing law,[1] and standing is properly raised in a Rule 12(b)(1) motion to dismiss.

*See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.

2010) ("Because standing and ripeness pertain to federal courts' subject matter

---

[1] *See* ECF No. 94-1 at PageID # 348 ("Therefore, as Plaintiff has not suffered any injury in fact, the Plaintiff lacks standing to bring suit at this time."); *id.* at PageID ## 349–50 ("Standing is not dispensed in gross. . . .  The Plaintiff must show injury in fact that is fairly traceable to the challenged action of the defendant. . . .  Here, there is nothing in the Complaint which shows that Plaintiff was injured by any challenged actions of [five of the Moving Defendants]."); *see also id.* at PageID ## 345–51 (making two contentions within two subsections under the main section heading, "Plaintiff Lacks Standing").

jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss."); *see also Howell v. Leprino Foods Co.*, 2020 WL 704778, at *5–6 (E.D. Cal. Feb. 12, 2020) (addressing a standing argument under Rule 12(b)(1) despite the motion being filed under Rule 12(c)); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 567 (N.D. Cal. 2013) (same); *Rogers v. United States*, 95 Fed. Cl. 513, 515 (2010) (same).

The Motion is GRANTED in part and DENIED in part.  The court disagrees with the Moving Defendants as to their first contention—the Amended Complaint *does* allege injuries that are concrete, particularized, and actual, contrary to the Moving Defendants' suggestion.  And as to four of the five Moving Defendants referenced above—California Investment Regional Center LLC, Hawaii Investor Regional Center Corp., American Investment Immigration Fund, and USA Realty Construction Group Inc.—the court concludes that the Amended Complaint alleges injuries that are fairly traceable to those four Defendants.  But as to Hawaii City Plaza LP, the court concludes that the Amended Complaint fails to allege an injury that is fairly traceable to that Defendant, and thus the court GRANTS the request to dismiss Hawaii City Plaza LP.

## II.  **BACKGROUND**

This case concerns a transaction that Plaintiff conducted in the spring of 2018 relating to the federal EB-5 Immigrant Investor Program.[2]  *See* ECF No. 2 at PageID ## 34–37.  Through that transaction, Plaintiff allegedly paid one or more of the Defendants $1,069,000 in total—$1,000,200 as an investment and $68,800 for related expenses—in exchange for a guarantee that permanent-resident Green Cards would be issued for Plaintiff, his wife, and his daughter within a year and a half.  *Id.* at PageID ## 40, 43, 47.  Green Cards were not issued during that time period, and Plaintiff's applications for Green Cards remain pending, according to his allegations in the Amended Complaint, *see id.* at PageID # 45, and according to representations from counsel during the October 18, 2021 hearing on the instant Motion, ECF No. 106.  Plaintiff also alleges that he conducted that transaction because of a promise from the Defendants that he would receive a 5% return on his investment after five years or receive an ownership interest in the investment property.  *See* ECF No. 2 at PageID # 40.  The investment property, according to

---

[2] "The EB-5 Immigrant Investor Program . . . , administered by the U.S. Citizenship and Immigration Service (USCIS), offers foreign investors an opportunity to secure permanent residency in the United Stats [sic] by making a capital investment in a commercial enterprise designed to create and/or maintain at least 10 jobs for U.S. workers. . . .  The minimum investment required under the EB-5 Program, at the time of Plaintiff's investment in this case, was $1 [million] per investor . . . ."  ECF No. 2 at PageID ## 35–36; *see also EB-5 Immigrant Investor Program*, U.S. Citizenship and Immigration Services (Oct. 4, 2021), https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program.

Plaintiff, was to be developed into a high-rise building containing condominiums, among other things, and the development project was organized under the entity Hawaii Ocean Plaza LP. *See id.* at PageID ## 39–43.

Plaintiff filed his Amended Complaint on February 4, 2020, asserting seven claims relating to the transaction: (1) fraud (i.e., "Fraudulent Inducement"); (2) negligent misrepresentation; (3) securities fraud under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and/or the Security and Exchange Commission's Rule 10b-5 (17 C.F.R. § 240.10b-5); (4) securities fraud under Hawaii Revised Statutes ("HRS") § 485A-501; (5) breach of fiduciary duty by Defendants Steven Munakata and Hisao Nakajima; (6) breach of fiduciary duty by Defendants California Regional Center LLC and Zhong Fang; and (7) unjust enrichment.  ECF No. 2 at PageID ## 48–57.  The Amended Complaint also asserts an alter-ego theory of liability as to Defendant Zhong Fang. *Id.* at PageID ## 57–58.  As for relief, the Amended Complaint requests monetary damages and other relief this court deems just and proper. *Id.* at PageID # 58.

The Moving Defendants filed the instant Motion on September 3, 2021.  ECF No. 94.  Plaintiff filed an Opposition to the Motion, ECF No. 97, and the Moving Defendants filed a Reply, ECF No. 101.  Defendant Hisao Nakajima, who is not one of the Moving Defendants, filed a Statement taking no position on

the instant Motion.  ECF No. 96.  A hearing was held on October 18, 2021.  ECF No. 106.

### III.  <u>STANDARD OF REVIEW</u>

Under the United States Constitution, federal courts' judicial power is limited to "Cases" or "Controversies."  U.S. Const. art. III § 2.  That limitation requires a plaintiff to demonstrate "the irreducible constitutional minimum of standing."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Such standing requires three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The first element of the standing inquiry—whether there is an "injury in fact"—requires an injury that is both "concrete and particularized," and is "actual or imminent, not conjectural or hypothetical."  *Id.* at 339.  A "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way."  *Id.*  A "concrete" injury is "real" and "not 'abstract,'" and can include tangible harms as well as intangible harms.  *Id.* at 340.  The injury-in-fact requirement must be satisfied as to each of plaintiff's claims and forms of requested relief.  *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008).

The second element of the standing inquiry—whether the alleged injury is fairly traceable to the defendant's actions—is often called the "causation" requirement.  *See* 13A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3531.5 (3d ed. 1998, Apr. 2021 update).  Allegations of causation that are plausible and susceptible to proof at trial pass muster for purposes of establishing standing at the pleading stage.  *See United States v. Students Challenging Regul. Agency Procs.*, 412 U.S. 669, 689–90 (1973); *Finkelman v. Nat'l Football League*, 877 F.3d 504, 513 (3d Cir. 2017).  In other words, the burden for sufficiently pleading causation (as an element of standing) "is relatively modest."  *Bennett v. Spear*, 520 U.S. 154, 168–71 (1997).  It is not equivalent to proving proximate cause.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 (2014).

The causation requirement can include the issue of whether a plaintiff has "sued the wrong defendant."  Wright & Miller, *supra*, § 3531.5.  When a plaintiff sues multiple defendants, the causation requirement must be met with respect to each defendant.  *See Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129 (9th Cir. 2013).  Merely "[l]umping all Defendants together without describing particular actions committed by a particular defendant fails to provide defendants with fair notice of the claims being asserted against them."  *Yau v. Duetsche Bank Nat'l Tr. Co. Americas*, 2011 WL 8327957, at *2 (C.D. Cal.

7

May 9, 2011).  But an allegation is sufficient if it asserts that multiple defendants "engaged in a joint venture" when performing the action(s) allegedly causing the injury.  *Doe v. Unocal Corp.*, 67 F. Supp. 2d 1140, 1144 (C.D. Cal. 1999).  An allegation is also sufficient if it asserts that multiple defendants are "alter egos or agents of each other," or are otherwise "intermingl[ing] their operational and marketing resources to effect [a] common purpose" that allegedly caused the injury.  *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 564 (W.D. Wash. 2012).

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject matter jurisdiction, including claims for which a plaintiff lacks standing.  *See Chandler*, 598 F.3d at 1121–22.  Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways—a "facial" or "factual" challenge.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A "facial" challenge accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction."  *Id.*  The district court resolves a facial challenge as it would a motion to dismiss under Rule 12(b)(6):  Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction.  *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).  Resolving a facial challenge to standing, specifically, involves asking whether the plaintiff has plausibly pled facts

8

to establish the three elements of standing reiterated in *Spokeo*.  *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018).

## IV.  ANALYSIS

The Moving Defendants contend that "even when taking the allegations of the [Amended] Complaint as true, the [Amended] Complaint is unable to show that Plaintiff has suffered any 'injury in fact.'"  ECF No. 94-1 at PageID # 346.  And the Moving Defendants further contend that "there is nothing in the [Amended] Complaint which shows that Plaintiff was injured by any challenged actions of [five of the Moving Defendants]."  *Id.* at PageID # 350. Both contentions are facial challenges to the allegations of standing in Plaintiff's Amended Complaint.  *See Safe Air for Everyone*, 373 F.3d at 1039.

The court rejects the first facial challenge in its entirety—the Amended Complaint alleges an injury in fact for each claim.  And the court rejects in part and accepts in part the second facial challenge:  The Amended Complaint fails to allege an injury in fact that is fairly traceable to Hawaii City Plaza LP, but it does allege injuries in fact that are fairly traceable to all other Moving Defendants.

### A.    Injuries In Fact

Plaintiff alleges that he was harmed by Defendants' failure to fulfill their promise that Plaintiff and his family would receive Green Cards within a year

and a half from the transaction date.  Specifically, the Amended Complaint alleges that the Defendants made a "material misrepresentation" when they "represented to Plaintiff that all Plaintiff needed to do was to wait for a year-and-a-half to be issued a Green Card by the United States Government for him, his wife, and daughter."  ECF No. 2 at PageID # 43.  Elsewhere in the Amended Complaint, that representation is described as a "guarantee[]" that "the application period would be a year-and-a-half."  *Id.* at PageID # 40.  The Amended Complaint then alleges that "[i]n reliance" on that misrepresentation, "Plaintiff wired the [investment] sum of $1,000,200 from his bank account in Japan to a Bank of Hawaii account under the name of 'Hawaii Ocean Plaza LP.'"  *Id.* at PageID # 43.  And the Amended Complaint further alleges that the misrepresentation was used to "deprive" Plaintiff of his money, as he valued the "promise of guaranteed immigration to the United States."  *Id.* at PageID ## 34–35.

The Moving Defendants argue that Plaintiff can be harmed only by the *denial* of the Green Card applications, not merely by a *delay* in receiving the Green Cards.  *See* ECF No. 94-1 at PageID # 347.  But that argument fails to recognize that although Plaintiff and his family may eventually receive Green Cards, Plaintiff alleges that he relied on the timing-based guarantee when he parted with over one million dollars of his money.  Plaintiff's alleged parting with that money, and his allegedly not receiving the benefit inducing him to part with that

money, constitute an injury to Plaintiff.  While the Amended Complaint does not say so explicitly, that is the most reasonable interpretation of the allegations recited above, which the court accepts as true and from which the court draws all reasonable inferences in Plaintiff's favor.  Namely, accepting the allegations in the Amended Complaint as true, the Defendants "material[ly] misrepresent[ed]" the Green Card timeline, Plaintiff invested in Defendants' building project "in reliance" on that misrepresentation, and the misrepresentation was used to "deprive" him of his money because he valued the promise of guaranteed immigration to the United States within a year and a half.

Plaintiff's alleged injury of parting with his money and not receiving Green Cards within a year and a half is an "injury in fact."  That alleged injury is certainly "concrete."  It involves the loss of money.  And it involves the deprival of Green Cards during the period following the year and a half, which, despite being intangible, is still a real harm, not an abstract one.  *Compare* ECF No. 2 at PageID # 43 (alleging facts from which it can be inferred that Plaintiff suffered an injury relating to a delay in receiving Green Cards because he cannot immigrate to the United States), *with Newdow v. Lefevre*, 598 F.3d 638, 642–43 (9th Cir. 2010) (holding that the "stigmatic injury" atheists suffered as political outsiders, due to a statute adopting "In God We Trust" as the national motto, is an abstract injury insufficient to confer standing).

11

That alleged harm is also "particularized."  It affects Plaintiff in a personal and individual way; it is not an aggregate harm among multiple parties that is incapable of being unwound and traced back to an individual plaintiff. Indeed, it is the extended absence of *Plaintiff's* Green Card and *his family's* Green Cards that spawned the alleged harm.

Finally, the alleged harm is also an "actual" harm.  Plaintiff's alleged parting with his money has already occurred.  So has the alleged deprival of Green Cards, which started in the fall of 2019 and continued until at least October 18, 2021.  Neither of those harms are, therefore, hypothetical or merely expected.[3]

As to six of his asserted claims, Plaintiff relies on the alleged harm of parting with his money and deprival of Green Cards.  *See* ECF No. 2 at PageID ## 48–49 (asserting fraud claim and alleging reliance upon the misrepresentation of Green Card timeline when investing $1,000,000 into the Hawaii Ocean Plaza Project, causing Plaintiff to "suffer[] damages"); *id.* at PageID ## 49–50 (asserting negligent misrepresentation claim and alleging reliance on "inaccurate information" when making the investment, causing Plaintiff to "suffer[]

---

[3] The Amended Complaint alleges some harms that are not "actual" or "imminent" and thus are not injuries in fact.  For example, Plaintiff alleges the harm of being misled by the "misrepresentation" that he "would receive either a 5% return on his investment after 5 years or receive an ownership interest in one of the condominium units in the Ocean Club Plaza."  ECF No. 2 at PageID ## 37, 40.  But Plaintiff could not have been misled by that representation because five years have not passed since the date of transaction.

damages"); *id.* at PageID ## 51–54 (asserting securities fraud claims and alleging reliance on "misstatements" by Defendants when investing in the project, thereby causing Plaintiff to "suffer[] damages"); *id.* at PageID ## 54–55 (making similarly worded allegations when asserting the breach of fiduciary duty claim against Defendants Steven Munakata and Hisao Nakajima); *id.* at PageID ## 56–57 (making similarly worded allegations when asserting the unjust enrichment claim).

As for the remaining claim—breach of fiduciary duty against Defendants California Regional Center LLC and Zhong Fang—Plaintiff's standing to assert that claim is supported by different allegations of an injury in fact: That those Defendants "abused [Plaintiff's] trust when they mismanaged Hawaii Ocean Plaza LP," resulting in a "breach[] [of] their fiduciary duty" and "damages suffered by Plaintiff." *Id.* at PageID ## 55–56. A section of the Amended Complaint titled "Hawaii Ocean Plaza Mismanagement" alleges that the Ocean Plaza project is "underfunded and/or depleted of funds," that roughly three months before this suit the Defendants had "al[l] but abandoned [their] management obligations," and that the project was in "demise" and Defendants were "actively contributing" to that demise. *Id.* at PageID ## 46–47.

It can be reasonably inferred from those allegations that mismanagement of the Ocean Plaza project by Defendants California Regional Center LLC and Zhong Fang has decreased the value of the project, souring

13

Plaintiff's investment.  That souring, according to a reasonable reading of Plaintiff's allegations, has already occurred and is thus an "actual" harm.  It is also a "concrete" and "particularized" harm because the decline in the value of an investment is a tangible loss that can be tied to an individual investor.  Thus, contrary to Moving Defendants' argument, *see* ECF No. 94-1 at PageID # 347, the Amended Complaint does not have to allege that Plaintiff lost the entirety of his one-million-dollar investment to plausibly plead an injury in fact.

In sum, taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff plausibly pleads facts that, if proven at trial, would establish injuries in fact as to each of Plaintiff's claims.[4]

## B.     Injuries Fairly Traceable to the Moving Defendants' Conduct

The Amended Complaint alleges injuries in fact that are fairly traceable to California Investment Regional Center LLC, Hawaii Investor Regional Center Corp., American Investment Immigration Fund, and USA Realty Construction Group Inc.  For California Investment Regional Center LLC

---

[4] Moving Defendants make additional arguments in Reply, which the court will not address.  *See Menashe v. Bank of New York*, 850 F. Supp. 2d 1120, 1137 n.8 (D. Haw. 2012) ("[T]he court does not address arguments raised for the first time in Reply.").  For example, they argue that Plaintiff's "allegations should be insufficient to prove fraud in the inducement" because that claim "clearly pertain[s] to the happening of future events which is insufficient to allege fraud," and because "it cannot be shown that the Defendants could have had foreknowledge that their statements were false."  ECF No. 101 at PageID # 508–10.  They also argue that Plaintiff's "allegations of alter ego are also simply conclusory formulaic recitation of the elements of a cause of action."  *Id.* at PageID # 513.

("CIRC") and American Investment Immigration Fund ("AIIF"), the Amended

Complaint alleges that those entities constitute "Party A" in the investment

"Supervision Agreement."   ECF No. 2 at PageID # 42.   The Amended Complaint

also alleges that Defendant Steven Munakata was "an employee and/or agent" of

CIRC and AIIF.   *Id.* at PageID # 35.   That allegation is further supported by the

allegation that Defendant Munakata presented a "business card describ[ing] him as

an 'Immigration Consultant' associated with" CIRC and AIIF, among other

entities.   *Id.* at PageID # 38.   Furthermore, as to CIRC, the Amended Complaint

alleges that entity was identified as "the 'Developer'" in a brochure furnished to

Plaintiff by Defendant Munakata.   *Id.* at PageID ## 38–39.

Similarly, with respect to Hawaii Investor Regional Center Corp.

("HIRC") and USA Realty Construction Group Inc. ("USA Realty"), the Amended

Complaint alleges that Defendant Munakata was "an employee and/or agent" of

those entities.   *Id.* at PageID # 35.   And in support of that allegation, the Amended

Complaint alleges that Defendant Munakata presented Plaintiff a "business card

describ[ing] [Munakata] as an 'Immigration Consultant' associated with" HIRC

and USA Realty.   *Id.* at PageID # 38.

When alleging the fraud claim, the Amended Complaint asserts that

"Defendant Munakata and Defendant Nakajima, as employees or agents of one ore

[sic] more of the Corporate Defendants," misrepresented the Green Card timeline to

Plaintiff, and that "Defendant Munakata and Defendant Nakajima were directly or indirectly induced to make this misrepresentation to Plaintiff by Defendant Fang and the Corporate Defendants." *Id.* at PageID # 48.  When alleging the negligent misrepresentation claim, the Amended Complaint asserts that the "Defendants supplied false and/or inaccurate information, as set forth herein," and that the "misinformation was, for the most part, supplied by Defendant Fang and the Corporate Defendants, through Defendant Munakata and Defendant Nakajima, to Plaintiff." *Id.* at PageID # 50.

When alleging the securities fraud claims, the Amended Complaint asserts that Plaintiff made the investment "as a result from the dissemination of materially false and misleading information," wherein "misstatements and other statements [were] made by Defendants" and the "investment was made via common enterprise." *Id.* at PageID ## 52–53.  And when alleging the unjust enrichment claim, the Amended Complaint asserts that "Plaintiff repeats and realleges the allegations set forth in the above paragraphs"; "Plaintiff never received the legal consideration for his bargain, [and thus] permitting Defendants to retain Plaintiff's $1,000,000 would unjustly enrich Defendants." *Id.* at PageID ## 56–57.[5]

---

[5] The breach of fiduciary duty claims are not asserted against CIRC, AIIF, HIRC, or USA Realty.  *See* ECF No. 2 at PageID ## 54, 55.

16

The court concludes that the sum of those allegations assert injuries that are fairly traceable to each of CIRC, AIIF, HIRC, and USA Realty.  To be sure, those allegations group together those Defendants (along with other Defendants) without describing the particular or individual actions committed by CIRC, AIIF, HIRC, and USA Realty.  But those allegations assert joint activity— the Amended Complaint plainly alleges that the Corporate Defendants acted under a common enterprise, and that each of CIRC, AIIF, HIRC, and USA Realty were in an agency relationship with Defendants Steven Munakata and Hisao Nakajima.

Although some (or all) of the Corporate Defendants may not, in fact, have been involved with the transaction in any legally meaningful way, the court cannot resolve that factual dispute at this point in the case.  Instead, the court must assess whether Plaintiff has cleared the "relatively modest" bar for sufficiently pleading causation.  Plaintiff has cleared that bar—his allegations of causation as to CIRC, AIIF, HIRC, and USA Realty are plausible and susceptible to proof at trial.  *See Agne*, 286 F.R.D. at 564; *Unocal*, 67 F. Supp. 2d at 1144; *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("[T]he [particularity pleading requirement of Federal Rule of Civil Procedure 9(b)] may be relaxed as to matters within the opposing party's knowledge. . . .  Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an individual.  To overcome such difficulties in cases of

17

corporate fraud, the allegations should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations.").

The court, however, holds that Plaintiff's allegations of causation as to Defendant Hawaii City Plaza LP are insufficient. The Amended Complaint fails to allege an injury in fact that is fairly traceable to that Defendant. The allegations concerning Hawaii City Plaza can be summarized as follows: Hawaii City Plaza is allegedly under the control and management of Defendant Zhong Fang, ECF No. 2 at PageID # 32; Hawaii City Plaza and related persons are named in a civil lawsuit in a Hawaii state court relating to alleged malfeasance and mismanagement, *id.* at PageID # 44; and the Hawaii City Plaza development project was allegedly "underfunded and/or depleted of funds," just like the Hawaii Ocean Plaza project, *id.* at PageID # 46. But the Amended Complaint does not allege that Plaintiff invested in, or otherwise has a connection to, the Hawaii City Plaza project. The Amended Complaint thus does not allege an injury that is fairly traceable to Hawaii City Plaza LP.

For that reason, Plaintiff lacks standing for his claims against Hawaii City Plaza LP. That Defendant, therefore, is dismissed from this case.[6]

---

[6] During the October 18, 2021 hearing, Plaintiff agreed that the court should not grant leave to amend the Complaint. Plaintiff may, however, seek leave to amend the Complaint to the extent discovery generates evidence tying Hawaii City Plaza LP to Plaintiff's claims.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the Moving Defendants' "Motion for Judgment on the Pleadings" is GRANTED in part and DENIED in part.  Defendant Hawaii City Plaza LP is dismissed from this case.  All other Defendants remain, and the court rejects Moving Defendants' contention that Plaintiff fails to plead an injury in fact for each of his legal claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2021.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Nakajima v. Munakata et al.*, Civ. No. 20-00052 JMS-RT, Order Granting in Part and Denying in Part Defendants' "Motion for Judgment on the Pleadings," ECF No. 94